UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Jury, *pro se*,                                                          Case No. 3:17-cv-304

          Petitioner,

    v.                                                                                    MEMORANDUM OPINION
                                                                                       AND ORDER

David W. Gray, Warden,

          Respondent.

## I.    INTRODUCTION

Petitioner Brian Jury, who is proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his convictions for two counts of rape, one count of felonious assault, two counts of abduction, and one count of kidnapping following a 2014 jury trial in the Erie County, Ohio Court of Common Pleas. (Doc. No. 1). Three of the counts included gun specifications. Magistrate Judge Kathleen B. Burke reviewed Jury's petition and the arguments of the parties pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 19). Jury has filed timely objections to Judge Burke's Report and Recommendation. (Doc. No. 20).

Jury also has filed two untimely motions to supplement his objections, (Doc. No. 21 and 24), three motions to expand the record, (Doc. No. 25, 28, and 33), and a motion for an injunction related to one of his motions to expand the record (Doc. No. 31). For the reasons stated below, I overrule Jury's objections, deny each of his motions, and adopt Judge Burke's Report and Recommendation.

## II. BACKGROUND

In November 2013, Jury was indicted by an Erie County grand jury on two counts of kidnapping, one count of felonious assault, one count of attempted murder, and five counts of rape. (Doc. No. 8-1 at 6-7). Seven of these counts also carried firearm specifications. (Doc. No. 8-1 at 7). An Erie County jury convicted Jury of one count of abduction, one count of abduction with a firearm specification, two counts of rape with firearm specifications, and one count of felonious assault. (Doc. No. 8-1 at 136). Jury "stipulates" to Judge Burke's statement of the factual and procedural history of the state court proceedings, except that he claims Judge Burke and the Sixth District, Ohio Court of Appeals improperly omitted other facts underlying his numerous claims for relief. (Doc. No. 20 at 2-3).

As Judge Burke noted, Jury must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. 28 U.S.C. § 2254(e)(1). He does not offer any evidence that those findings in fact were incorrect, and therefore I overrule any objection to Judge Burke's recitation of the factual and procedural history of this case. I adopt those sections of the Report and Recommendation in full. (*See* Doc. No. 19 at 2-13).

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the

magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Jury asserts seven grounds for relief:

I.  Erie County lacks subject matter jurisdiction.

II. An otherwise unlawful arrest cannot be overcome with a belated injection of theory; nor can a citizen be denied a probable cause hearing on such a "warrantless arrest."

III. Due Process was violated for the courts, counsel, and prosecutor for failing to challenge [the] competency of [the] alleged victim; prosecutorial misconduct in his failure to correct false testimony, and provide "timely" disclosure of exculpatory evidence.

IV. [Appellate]/trial counsel failed to act as counsel guaranteed [by the Constitution].

V. Appellant was denied compulsory process and was compelled to testify.

VI. Appellant/petitioner was subjected to cruel and unusual punishment.

VII. Fundamental unfairness throughout trial proceedings created several due process violations against petitioner.

(Doc. No. 1 at 7-15).

3

Judge Burke recommends I dismiss Jury's petition in part and deny it in part because (a) Grounds 1, 2, 3, 6, and part of Grounds 4 and 7, are procedurally defaulted; (b) the remainder of Ground 7 is not cognizable in habeas proceedings; and (c) Ground 5 and the remainder of Ground 4 are not meritorious. (Doc. No. 19 at 1-2).

### A. GROUND I

Judge Burke recommended I dismiss Ground I as procedurally defaulted. Jury raised this claim as his sole ground for relief in his state habeas petition and the Ohio appellate court dismissed the petition because Jury's subject-matter-jurisdiction claim could only be raised on direct appeal. The Supreme Court of Ohio affirmed. *Jury v. Miller*, 59 N.E.3d 1280 (Ohio 2016). Jury also raised Ground I in his petition to vacate or set aside his conviction and sentence, which the trial court denied on the basis of the res judicata doctrine. Jury did not appeal that decision. Finally, Jury discussed this claim in his Ohio Rule 26(B) application as part of his ineffective-assistance-of-appellate-counsel claim but, as Judge Burke notes, a Rule 26(B) application does not preserve the defendant's underlying constitutional claim. (*See* Doc. No. 19 at 20-21).

Additionally, Judge Burke concluded Jury did not demonstrate cause for his failure to raise this claim through one full round of state appellate review or that he suffered actual prejudice as a result, or that failure to consider his claims now will result in a fundamental miscarriage of justice. (Doc. No. 19 at 21).

Jury claims the state courts improperly applied the procedural rules barring his claims in Ground I because, he argues, Erie County did not have jurisdiction to indict him because no one ever filed a complaint or affidavit to commence criminal proceedings against him. (Doc. No. 20 at 4-8). Jury does not identify a separate basis to excuse his procedural default.

While this argument does not arise often in the jurisprudence of the Ohio appellate courts, each court to consider the argument has plainly held "the existence of a complaint is irrelevant in

4

regards to the trial court's subject matter jurisdiction in felony cases," because felony cases must be initiated by a grand jury indictment. *Ohio v. Quinnie*, No. 105104, 2017 WL 1743002, at *2 (Ohio Ct. App., May 4, 2017) (quoting *Ohio v. Luther*, No. 2003-A-0130, 2005 WL 517473, at *3 (Ohio Ct. App. March 4, 2005)); *see also Justice v. Chillicothe Corr. Inst.*, 2:10-cv-1152, 2011 WL 802700 (S.D. Ohio March 2, 2011).

I overrule Jury's objection to Judge Burke's recommendation that I dismiss Ground I of his habeas petition.

### B. GROUND II

Judge Burke recommends I conclude Ground II is procedurally defaulted for the same reasons as Ground I. (Doc. No. 19 at 23).

Jury objects, claiming his arrest was improper because there was no warrant for his arrest at the time officers stopped him on his motorcycle and that the subsequent grand jury proceedings do not remedy this error. (Doc. No. 20 at 9-11).

"Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

At the time officers stopped and arrested Jury, they knew a woman had been found naked on the side of a highway, with her wrists bound behind her back and her ankles bound, and that she had accused Jury of raping her before she was able to escape from his nearby trailer. Jury fails to show these circumstances were insufficient to support probable cause for his arrest, whether with a warrant or without one. Further, he does not demonstrate cause and prejudice to excuse his

5

procedural default, or establish a miscarriage of justice would result if his claim is not reviewed. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

I overrule his objection to Judge Burke's recommendation that I dismiss Ground II as procedurally defaulted.

### C. GROUND III

Judge Burke also recommends I conclude Ground III has been procedurally defaulted, because Jury raised the issues contained in this Ground in his Rule 26(B) application, which solely presents claims for ineffective assistance of appellate counsel and does not preserve the underlying constitutional claims. (Doc. No. 19 at 23-24 (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)). Further, while Jury included his exculpatory-evidence argument in his post-conviction petition, he did not appeal the trial court's denial of this petition. (Doc. No. 19 at 24).

Jury claims his claims should not be barred by the procedural default rule because his trial and appellate attorneys were ineffective for failing to challenge, or failing to obtain, certain testimony and evidence. (Doc. No. 20 at 18). He repeatedly argues the victim should not have been permitted to testify because she "was under the influence of mind altering drugs during the time of the . . . alleged incident." (Doc. No. 20 at 14). He also claims numerous items of "false evidence" were introduced during his trial. (Doc. No. 20 at 16).

Jury's arguments that the trial judge, the prosecutor, and his attorneys caused his rights to be violated when the victim was allowed to testify concerning her abduction and rape are not persuasive. As both Judge Burke and the Sixth District Court of Appeals concluded, Jury's challenge to the victim's ability to recall details of the crime involves an issue of credibility, not competency. Individuals are presumed competent to be witnesses unless they are "of unsound mind" and "appear incapable of receiving just impressions of the facts and transactions respecting

6

which they are examined, or of relating them truly." Ohio Evid. R. 601(A); *see also Ohio v. Bradley*, 538 N.E.2d 373, 378 (Ohio 1989).

Credibility determinations, on the other hand, are made by the trier of fact. As the court of appeals noted, trial counsel "thoroughly questioned the victim about her drug use and the toxicology report [showing the victim had alcohol and illegal drugs in her system on the day of the attack] was testified to and admitted into evidence" for the jury's consideration. (Sixth District Court of Appeals decision denying Rule 26(B) application; Doc. No. 8-1 at 448-49). Defense counsel even presented expert testimony at trial discussing which drugs the victim had consumed and the approximate time frame in which she used them. Further, defense counsel challenged the other testimony and evidence Jury now describes as "perjured" or "false," and the jury had the opportunity to observe the witnesses and consider the testimony in the context of the trial.

Jury fails to show cause or prejudice to overcome his procedural default, and I overrule his objections to Judge Burke's recommendation as to Ground III.

### D. GROUND IV

Judge Burke recommends I conclude Ground IV is procedurally-defaulted in part, and that the remainder of this claim for relief lacks merit. Judge Burke states Jury's claims concerning trial counsel's performance are procedurally defaulted because he failed to appeal the trial court's decision rejecting those claims, and that his ineffective-assistance arguments against both trial and appellate counsel lack merit. (Doc. No. 19 at 26-28).

Jury objects to this recommendation, asserting "there are a vast amount of sub-claims within this claim on ineffective assistance of trial counsel, then additional sub-claims specific to that of appellate counsel," and that Judge Burke "either misunderstood petitioner or misconstrued his claims." (Doc. No. 20 at 18-19). Jury then reiterates many of the arguments he has made with

7

respect to his other grounds for relief and concludes the decisions made by Judge Burke and the Sixth District Court of Appeals are "unreasonable in multiple ways." (Doc. No. 20 at 19-22).

Jury's arguments are not persuasive. It is undisputed he failed to appeal the trial court's decision denying his state post-conviction petition, leaving his ineffective-assistance claims against his trial attorney procedurally defaulted. Further, he fails to show his ineffective-assistance claims against either his trial or appellate attorneys have any merit. Jury fails to show his attorneys' performance was objectively unreasonable or that, but for any purported unprofessional errors, the outcome of his trial would have been different. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 687 (1984).

I overrule Jury's objection to Judge Burke's recommendation concerning Ground IV of his habeas petition.

### E. GROUND V

Judge Burke recommends I deny this claim on the merits, because Jury acknowledged on the record during trial that he had made the decision to testify, and because Jury fails to show how he was harmed by testifying before other defense witnesses. (Doc. No. 19 at 28-30).

Jury objects, claiming that he would have concluded he did not need to testify if his expert witness, Dr. Forney, and other witnesses, including the victim's friend, two individuals connected with Buckeye Molded Products (where Jury went, to respond to a work call, after zip-tying the victim's wrists and ankles), and the victim (who was subject to extensive cross-examination during the prosecution's case-in-chief), all had testified first. (Doc. No. 20 at 22-23).

It appears this claim is barred by the procedural default doctrine, because Jury presented it to both the Sixth District and the Supreme Court of Ohio only part of his Rule 26(B) application, which does not preserve the substantive claims underlying the challenge to appellate counsel's effectiveness. *Davie*, 547 F.3d at 312. If procedurally defaulted, Jury could present this claim if he

8

could show the procedural default should be excused because the purported violation of his Constitutional rights "has probably resulted in the conviction of one who is actually innocent." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The obvious problem with this route is that the right Jury claims was violated was his right against self-incrimination. It is difficult, at best, to reconcile Jury's assertion "that if this claim is not reviewed, a fundamental [miscarriage] of justice would continue to occur," (Petitioner's Traverse, Doc. No. 17 at 28), with his argument that he would not have testified if these witnesses had testified first because he "had nothing but self-incriminating statements" to offer on the witness stand. (Traverse, Doc. No. 17 at 27).

As Judge Burke concluded, this claim also fails on its merits. The trial court did not force Jury to testify, or to testify at the time he did. The trial judge suggested that Jury begin testifying and that defense counsel could pause and present testimony from Dr. Forney when he arrived. (Doc. No. 8-2 at 830-31). Therefore, Jury's claim is one for ineffective assistance of counsel. Trial counsel knew what Dr. Forney's testimony would be, and also what the other potential witnesses likely would say. Trial counsel made a strategic decision to call Jury as a witness before those other witnesses, and Jury fails to show that decision was outside of the "wide range of reasonable professional assistance" or that there is a "reasonable probability" the outcome of the trial would have been different if trial counsel had not made that decision. *English v. Romanowski*, 602 F.3d 714, 726 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689, 694).

I overrule Jury's objection and adopt Judge Burke's recommendation regarding Ground V.

## F. GROUND VI

Judge Burke recommends I conclude Ground VI is procedurally defaulted because Jury "only presented these claims to the Ohio Court of Appeals as a violation of state law, not as federal

9

constitutional claims," his opportunity to present them in state court has expired, and he does not establish cause or prejudice to excuse the procedural default. (Doc. No. 19 at 31).

Jury objects, claiming his conviction and sentence were based on "materially false evidence," and that the trial judge "misuse[d]" information about the nature of Jury's discharge from the military and a previous criminal conviction when entering his sentence. (Doc. No. 20 at 23-24). Jury does not respond to Judge Burke's discussion of his failure to identify the violation of a specific constitutional right during his state court proceedings, and argues only that Judge Burke "unreasonably [downplayed] the severity of this materially false evidence . . . ." (Doc. No. 20 at 24).

Jury fails to establish cause or prejudice to excuse his procedural default. As the Court of Appeals noted when it denied Jury's arguments that his sentence was excessive and contrary to law, the trial court relied on a summary of the evidence of Jury's "course of conduct" during the offense. *Ohio v. Jury*, 2016 WL 1615406, at *13 (Ohio Ct. App. April 22, 2016). Jury's testimony corroborated much of the information in this summary.

Jury fails to show the appellate court's decision was unreasonable, that there is cause for his failure to properly present these claims, or that he suffered prejudice as a result. I overrule his objection to Judge Burke's recommendation as to Ground VI.

**G. GROUND VII**

Judge Burke recommended I conclude a portion of Ground VII is not cognizable in habeas proceedings and the remainder is procedurally defaulted. For clarity, I quote her analysis in full:

> In Ground 7, Jury lists the following sub-claims: (1) appellate counsel's failure to have voir dire and preliminary hearings transcribed deprived Jury of the means to support potential claims; (2) Jury's due process rights were violated because he was prevented from presenting evidence to the courts and counsel; (3) the state courts promoted unfairness with respect to the lack of probable cause for his initial arrest; and (4) Jury was prejudiced by the cumulative effect doctrine. Doc. 1, p. 15.

10

> As for (1), the undersigned considered this claim when discussing Ground 4, supra, and explained that it is procedurally defaulted and/or fails on the merits. As for (2), Jury does not describe what evidence he was prevented from presenting to the courts and his counsel. Thus, he has failed to properly plead his claim per Rule 2(c)(2) of the Rules Governing Section 2254 Cases; he has also procedurally defaulted this claim because he did not present such a claim to the Ohio courts. The undersigned discussed (3), supra, when it considered Ground 1. Finally, (4) is not cognizable because the cumulative effect doctrine is not available on federal habeas review. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011).

(Doc. No. 19 at 33).

Jury objects, acknowledging most of his claims in this section "are semblances of other claims within his habeas corpus [petition]," but claiming "a fundamental unfairness will continue to occur if this claim is not reviewed." (Doc. No. 20 at 24).

Jury's arguments are no more persuasive here than they are concerning his other grounds for relief. I overrule his objections to Judge Burke's recommendation as to Ground VII.

### H. MOTION FOR EVIDENTIARY HEARING, DISCOVERY, AND COUNSEL

Jury also objects to Judge Burke's denial of his motion for an evidentiary hearing, discovery, and appointment of counsel. (Doc. No. 20 at 24-25). As I have concluded he is not entitled to relief on any of the grounds he presents, I also conclude he is not entitled to an evidentiary hearing, discovery, or the appointment of counsel.

### I. MISCELLANEOUS MOTIONS

Jury has filed six additional motions – two seeking to supplement his objections to Judge Burke's report and recommendation, one seeking to supplement his motion for an evidentiary hearing, two seeking to expand the record, and one motion for an injunction preserving certain cell phone records. (Doc. No. 21, 24, 25, 28, 31, and 33).

Respondent opposes these motions. Regarding Jury's motions to supplement his objections – one of which seeks to expand on his objections to Judge Burke's recommendations as to Grounds

II and III, (Doc. No. 21), and one which requests the suppression of evidence in the event I were to conclude Jury's Fourth Amendment rights were violated, (Doc. No. 24) – Respondent argues (a) the motions to supplement are untimely, (b) Jury offers no explanation for his delay in filing the motions, (c) Rule 15(a)(2) – which Jury cites in support of both motions – applies to pleadings and not objections or other briefing in support of motions, and (d) Jury does not attempt to explain how "justice" requires that he be permitted to supplement his objections. (Doc. No. 22 at 1-2).

Jury claims I should grant his motions because (a) Respondent has not shown Rule 15 does not apply to supplements to objections, (b) "a month delay to supplement is not per se 'untimely,'" (c) he "assumed that the citing of additional supporting case law not originally addressed would be considered 'implied,'" and (d) he believes the phrase "'when justice so requires'" is a stand alone phrase not needing any additional [explanation]." (Doc. No. 23 at 1-2).

Jury's arguments are not persuasive. The text and the history of Rule 15 make clear that it is designed to govern amendments to pleadings, and only pleadings. *See* Fed. R. Civ. P. 15; 6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1471 *et seq.* (3d ed. 2018).

Moreover, a month delay in filing the motion to supplement in fact is untimely. Jury had fourteen days to file objections to Judge Burke's report and recommendation. 28 U.S.C. § 636(b)(1). The failure to file timely objections waives the party's right to district court review and to appeal. *Kelly*, 25 F.3d at 365; *Kent v. Johnson*, 821 F.2d 1220, 1222-23 (6th Cir. 1987); *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Jury may not continually file additional objections merely because he filed some initial timely objections. *Id.* at 1373 ("[M]aking some objections but failing to raise others will not preserve all the objections a party may have." (citations omitted)).

12

Further, Jury's "assumption" that filing some objections would bring in other case law and arguments does not mean he is entitled to repeatedly file briefs with additional or substantially-similar arguments. Objections are designed to enable "the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Neuman v. Rivers*, 125 F.3d 315, 322 (6th Cir. 1997) (quoting *Thomas*, 474 U.S. at 147). While I have a duty to "make a de novo determination of those portions of the report . . . [and] recommendations to which objection is made," 28 U.S.C. § 636(b)(1), repeated and untimely filings result in a "duplication of time and effort [that] wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Neuman*, 125 F.3d at 322.

Nor does Jury's recitation of the phrase "justice so requires" mean that his motions are meritorious. This phrase is not a talisman which permits a party to do or say whatever the party wishes. Instead, the party attempting to file a brief or, in this case, objections after the deadline to do so must offer some explanation as to why the party did not comply with the deadline or request an extension of time in the first instance. Though the deadline for filings objections is a procedural rule and does not divest the district court of jurisdiction, Jury must do more than simply claim justice will be served if I consider his untimely arguments before I can proceed with any attempt to "balance the interests of the parties and the interests of justice" in determining whether to extend the filing deadline. *Patterson v. Mintzes*, 717 F.2d 284, 287 (6th Cir. 1983).

Finally, as I already have concluded Jury has not shown the state court's factual findings were incorrect, I conclude his motions to expand the record are moot and deny them. (Doc. No. 25, 28, 31, and 33).

## V.     CONCLUSION

For the reasons stated above, I overrule Jury's objections to Judge Burke's Report and Recommendation. (Doc. No. 19). Jury's petition for a writ of habeas corpus, (Doc. No. 1), is dismissed as to Grounds I, II, III, VI, and VII, and denied as to Grounds IV and V. Jury's motions to supplement his objections (Doc. No. 21 and 24), to supplement his motion for an evidentiary hearing, (Doc. No. 25), to expand the record, (Doc. No. 28 and 33), and for an injunction, (Doc. No. 31), are denied.

Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge